**CHANDLER v. COMMERCIAL CREDIT CO., Inc. (No. 8168.)**

Court of Civil Appeals of Texas. San Antonio. March 6, 1929,

Rehearing Denied April 3, 1929.

Sidney P. Chandler, of Corpus Christi, for appellant.

McCampbell & Holt, of Corpus Christi, for appellee.

COBBS, J. Suit was instituted by appellee to recover of appellant on a promissory note, as assignee of Holland-Langham Motor Company. The obligation is as follows:

| Schedule of Payments | "Alice, Texas, Date Aug. 16, 1926 (Buyer's Town.) |
|---|---|
| Months after date | |
| 1 mo. $59.50 | "$714.00 For value received, at |
| 2 mos. 59.50 | the time or times stated in the |
| 3 mos. 59.50 | Schedule of Payments hereon I, |
| 4 mos. 59.50 | we, promise to pay to the order |
| 5 mos. 59.50 | of Holland-Langham Motor Co. |
| 6 mos. 59.50 | Seven Hundred Fourteen Dollars |
| 7 mos. 59.50 | & No/100 Dollars with exchange |
| 8 mos. 59.50 | on New York, at the office of Com- |
| 9 mos. 59.50 | mercial Credit Co., Inc., New Or- |
| 10 mos. 59.50 | leans, La., with interest after ma- |
| 11 mos. 59.50 | turity at the highest legal con- |
| 12 mos. 59.50 | tract rate. |

"This note including all installments thereon of even date herewith is secured by Chattel mortgage on a certain motor vehicle and certain personal property and equipment thereon. Failure to pay this note, or any of the installments thereof when due shall, at the option of the holder hereof, mature all of said installments then unpaid. In the event an attorney be employed to collect this note, or any installment thereof, by suit or otherwise, or to preserve or protect the property described in the aforesaid mortgage the parties hereto agree to pay all costs incurred, including a reasonable attorney's fee, which shall not be less than 15% of the amount then due, consisting of the amount then due, consenting that suit be brought hereon in any county in the state, wherein the holder thereof might elect to sue. The parties hereto, whether maker, surety or indorser, hereby waive presentment, demand, protest and notice of non-payment; and also waive all rights of exemption which they have or may have under the Constitution and laws of this or any other State, or of the United States, and the endorsers and sureties hereby agree to extensions of the time of payment hereof without notice to them of such extensions.

"[Signed] A. E. Chandler [Seal.]
(Buyer.)

"No. 133959"

(Original.)

On the reverse side of the note are the following marks:

"Filed, Jan. 31, A. D. 1927, in evidence Roy D. Clift Clerk County Court, Nueces County, Texas.

"For value received pay to the order of Commercial Credit Company, Inc. without recourse [Signed] Holland-Langham Motor Co. by W. W. Langham (Officer, Firm Member or Owner) Secy & Treas.

"Pay to the order of any Bank or Banker Commercial Credit Co. Inc.

"For value received pay to the order of Commercial Credit Company, Inc. with recourse

"We and each and all of the undersigned hereon, jointly and severally guarantee payment of principal and interest after maturity at the highest legal contract rate, collection expenses, costs and attorney's fees, of the within note, as and when the same shall become due, and of any extension thereof in whole or in part, accepting all its provisions, authorizing the maker, without notice to us or either of us, to obtain and the holder hereof to grant an extention or extensions in whole or in part, and waiving demand, protest and notice of protest and non-payment; also waiving all rights of exemption as to personal property; also agreeing that in case of non-payment of principal or interest after maturity when due, suit may be brought by the holder of this note against any one or more or all of us, at the option of said holder, whether such suit has been commenced against the maker or not, and that in any such suit the maker may be joined with one or more or all of us, at the option of the holder. [Signed] ————— (Dealer) [Seal.] By ————— (Officer, Firm Member or Owner)."

A. E. Chandler answered by general demurrer and general denial and by impleading Holland-Langham Motor Company and M. W. Holland, and alleged fraud consisting of misrepresentations of the value of the car for which the note was given in part payment, misrepresentation of model of the car, and further alleged that appellee connived and conspired with Holland-Langham Motor Company and M. W. Holland to defraud him.

The case was tried by a jury upon special issues. They found that the payee of the note represented that the car was a 1925 model; that such representation was not relied on by appellant in buying the car; that there was no interest in the note in excess of 10 per cent., and that 10 per cent. was reasonable attorney's fees.

An examination of the record shows that the findings of the jury are supported by the testimony and will not be disturbed. The note seems to have been introduced, and no legal objection saved, and no sworn pleading filed denying its execution. Such a note in the possession of the person to whom it is indorsed and by whom the note is sued on cannot be attacked except under oath. Articles 573 and 2010, subd. 9.

It is shown that appellee paid value for the note sued on before maturity and therefore was entitled to a judgment. On the question of fraud, the basis for recovery of damages for fraudulently inducing a purchaser to buy must be of a material fact and relied on by such purchaser to his pecuniary loss. It is necessary for such purchaser to both plead and prove the proper measure of his damage.

In a case where there is an exchange of property, the difference between the value of the property and that given should be shown, but here there was an absence of any proof of such measure of damage, and there was nothing really to submit to the jury.

Appellant has elaborately briefed the case, and presents many propositions, which we have examined, but cannot sustain. There is no pleading of appellant upon which to base any attack upon appellee's ownership of the note, since there was no pleading in writing as required by law to justify it. Upon the facts shown, the presumption arises, in the absence of such sworn plea, that appellee is an innocent holder in due course of trade.

The jury found that appellant in having the automobile, did not rely upon any misrepresentations of facts introduced in evidence. The burden was on appellant to prove the charge of fraud or that there was any element to prove any damage sustained by reason of such alleged fraud, and there should not have been submitted to the jury any measure of damages sustained.

Suppose it is true that the note was made on a form provided by the Commercial Credit Company, on its face payable to the order of Holland-Langham Motor Company, at the office of the Commercial Credit Company in New Orleans, La., still that has nothing to do with the indorsement on the note being to the Commercial Credit Company, and, the plaintiff in this suit being Commercial Credit Company, Inc., the pleadings in a previous suit would have no probative force to show that this note was not indorsed to the Commercial Credit Company, Inc., a Texas corporation.

It is the well settled law in Texas that the person to whom a note has been indorsed shall have the right to sue and recover on the note without proving its indorsement, unless the ownership is denied under oath.

Appellant's main contention is against the alleged ownership of the note, but there is nothing tangible in the contention. Articles 573, 2010, subd. 9.

This is a county court case, and we think it has been fairly tried and justice administered. It was fairly submitted to the jury, and we think the testimony supports the finding.

We can see no reason for reversing the case; hence overrule all of appellant's propositions and affirm the judgment of the court.